NO. 07-11-0442-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 19, 2012

_____

ALBERT MARTINEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 6106; HONORABLE KELLY G. MOORE, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Albert Martinez challenges his conviction of possessing a controlled substance with intent to deliver. Through his sole issue, he questions the trial court's decision overruling his motion to suppress. According to the record, the contraband underlying the conviction was discovered via a search of appellant's home pursuant to a search warrant. The warrant, appellant believes, was defective since the affidavit upon which it was based was deficient. And, the affidavit allegedly was deficient since the

affiant failed to aver information establishing an identifiable time frame within which the data used to establish probable cause was gathered. We affirm.

We first note a subtle difference between the argument propounded before the trial court and that urged at bar. Below, appellant indicated that while the affidavit contained enough data to establish probable cause to believe appellant possessed the contraband, it failed to illustrate that he possessed it with the intent to deliver. And since possession with the intent to deliver was the crime of which appellant was accused by the affiant via the affidavit, the affidavit had to contain enough information to establish probable cause to believe he was possessing the drugs *with intent to deliver*. Before us, however, appellant simply argues that the data within the affidavit was stale and insufficient to authorize a search of the place searched. Given that the arguments differ, and in view of the rule requiring the grounds urged below to comport with those raised on appeal, *Heidelburg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004), the contention before us was not preserved. Yet, were we to assume that the issue was preserved, we would nonetheless find it meritless.

The scope of our review is limited to the four corners of the affidavit; testimony presented at the hearing on the motion to suppress is irrelevant. *Massey v. State,* 933 S.W.2d 141, 148 (Tex. Crim. App. 1996). Furthermore, an affidavit is sufficient to support the issuance of a search warrant if the factual allegations contained therein, coupled with reasonable inferences from those allegations, enable a magistrate to reasonably conclude that the object of the search is probably on the premises. *Ramos v. State,* 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996).

Next, appellant asserts that the affidavit failed to establish probable cause to believe evidence of a crime was present in the house searched because "[s]everal of the averments . . . were wholly undated and provided no time frame at all" and that the "only time-specific portion of the affidavit quoted the unnamed informant as making a statement showing Appellant to have been in possession of an unspecified quantity of contraband . . . ." In other words, appellant contends that the affidavit failed to establish probable cause to believe that contraband could be found at the locale to be searched.

In making his assertion, we note that appellant does not attack the affidavit as conclusory. Nor does he question whether the affiant provided enough data within the affidavit to render the confidential informant and his information reliable. We further note that the affiant actually stated in his affidavit that his informant not only "can identify Crack Cocaine," but also had seen "Crack Cocaine" in appellant's "custody and control" at the residence to be searched within "the last 72 hours." Contrary to appellant's assertion, that allegation provides both a relevant time frame as well as a connection or link between the contraband and the geographic target of the search. So too does it add what was missing from the circumstances in the two opinions upon which appellant relies most heavily.

It is true, as appellant says, that the courts in *Cassias v. State*, 719 S.W.2d 585 (Tex. Crim. App. 1986) and *State v. Ozuna,* 88 S.W.3d 307 (Tex. App.–San Antonio 2002, pet. ref'd) held that allegations about seeing the appellant possess drugs in general were alone inadequate to justify a search of a particular locale. *Cassias v. State*, 719 S.W.2d at 588; *State v. Ozuna*, 88 S.W.3d at 311. Yet, here, we have more than an allegation that appellant simply was seen possessing drugs at some place or

3

another.  Instead, the informant not only disclosed that appellant was seen possessing drugs but also that he was seen doing so in his house within the last 72 hours.  So, the latter bit of data both provides the link found missing in *Cassias* and *Ozuna* and renders those opinions inapposite.

Accordingly, we overrule the issue before us and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.

4